# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANDACE THERIOT DELGADO, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-1987** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY,**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs Candice Theriot Delgado and Ramiro D. Delgado ("Plaintiffs").[1] Defendant Ocean Harbor Casualty Insurance Company ("Defendant") opposes this motion.[2] For the reasons that follow, Plaintiffs' motion[3] is **DENIED.**

## BACKGROUND

This case arises from an insurance dispute between Plaintiffs and Defendant regarding damage caused by Hurricane Ida.[4] On June 24, 2022, Plaintiffs filed suit against Defendant in the 32nd Judicial District Court for the Parish of Terrebonne.[5] On June 29, 2022, Defendant removed the suit to this Court on the basis of diversity jurisdiction.[6] Plaintiffs then filed the instant motion to remand the case to state court, arguing they plan to add two non-diverse defendants, thus destroying diversity and this

---

[1] R. Doc. 8.
[2] R. Doc. 18.
[3] R. Doc. 8.
[4] R. Doc. 1 at p. 1.
[5] *Id.*
[6] *Id.* at p. 2.

Court's subject matter jurisdiction.[7] On August 8, 2022, Defendant filed an opposition.[8] Plaintiffs replied on August 19, 2022.[9]

## LAW AND ANALYSIS

Plaintiffs filed the instant motion to remand to state court, arguing they planned to add two non-diverse defendants, and that this would destroy this Court's subject matter jurisdiction.[10] In its opposition, Defendant argues remand would be improper, because Plaintiffs have not yet joined the two non-diverse defendants and subject matter jurisdiction existed at the time of removal. The Court agrees with Defendant.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[11] "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[12] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[13] "Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint."[14] "When a district court has original subject-matter jurisdiction over a claim, it has no authority to remand the case to state court."[15] "A possible future destruction of diversity, even by the addition of an indispensable party,

---

[7] R. Doc. 8-1 at p. 1.
[8] R. Doc. 18.
[9] R. Doc. 26.
[10] R. Doc. 8-1 at p. 1.
[11] 28 U.S.C. § 1441(a) (2018).
[12] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[13] 28 U.S.C. § 1332(a) (2018).
[14] *Miles v. Woerner Dev.*, No. 17-943-BAJ-EWD, 2018 WL 1415906, at *3 (M.D. La. Mar. 1, 2018) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[15] *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x. 738, 740 (5th Cir. 2016).

is not a proper ground for remand."[16] "While the addition of [a non-diverse defendant] as a party could divest this court of jurisdiction, that issue is not properly before the court" when the non-diverse defendant has not been added as a party.[17]

The United States District Court for the Middle District of Louisiana addressed this issue in *Miles v. Woerner Development, Inc.*[18] In *Miles*, the Middle District of Louisiana adopted the Magistrate Judge's recommendation that the plaintiff's motion to remand be denied.[19] The plaintiff filed a motion to remand, arguing remand was proper because the plaintiff intended to add additional, non-diverse defendants.[20] In opposition, the defendant did not dispute that the plaintiff intended to add non-diverse parties but pointed out the plaintiff had not named the parties as defendants at the time of removal and had not yet named the parties at the time of the motion.[21] The court denied the motion to remand, reasoning "because federal diversity subject matter jurisdiction existed at the time of the filing of the state court Petition and at the time of removal, and because Plaintiff has not yet sought (or in turn been granted leave) to add additional non-diverse defendants," remand was not warranted.

The Court finds *Miles* persuasive in deciding the instant motion. In this case, as in *Miles*, Plaintiffs had not named the potential non-diverse defendants at the time of removal.[22] Neither have Plaintiffs sought leave to name the non-diverse defendants at the time of this Order. As a result, subject matter jurisdiction existed at the time of removal

---

[16] *Lillie v. Wyeth-Ayerst Labs.*, No. 94-1744, 1994 WL 532091, at *1 (E.D. La. Sept. 26, 1994).
[17] *Id.*
[18] No. 17-943-BAJ-EWD, 2018 WL 1415906 (M.D. La. Mar. 1, 2018).
[19] *Miles v. Woerner Dev., Inc.*, No. 17-943, 2018 WL 1415170, at *1 (M.D. La. Mar. 21, 2018) (adopting the Magistrate Judge's Report and Recommendations from March 1, 2018).
[20] *Miles*, No. 17-943-BAJ-EWD, 2018 WL 1415906, at *2.
[21] *Id.* at *3.
[22] R. Doc. 8-1 at p. 1.

and exists at the time of this decision. The issue of whether the future defendants will destroy this Court's subject matter jurisdiction is not properly before the Court. Accordingly, the Court denies Plaintiffs' motion to remand because the court had subject matter jurisdiction over this action at the time of removal and maintains subject matter jurisdiction now.

## CONCLUSION

**IT IS ORDERED** that the Plaintiffs' Motion to Remand[23] is **DENIED.**

New Orleans, Louisiana, this 23rd day of September, 2022.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 8.