## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANDACE THERIOT DELGADO, ET AL.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-1987** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY,**<br>**Defendant** | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is a motion for leave to file an amended and restated complaint filed by Plaintiffs Candice Theriot Delgado and Ramiro D. Delgado ("Plaintiffs").[1] Defendant Ocean Harbor Casualty Insurance Company ("Defendant") opposes this motion.[2] For the reasons that follow, Plaintiffs' motion[3] is **DENIED**.

### BACKGROUND

This case arises from an insurance dispute between Plaintiffs and Defendant regarding damage caused by Hurricane Ida.[4] On June 24, 2022, Plaintiffs filed suit against Defendant in the 32nd Judicial District Court for the Parish of Terrebonne.[5] On June 29, 2022, Defendant removed the suit to this Court on the basis of diversity jurisdiction.[6] Plaintiffs filed a motion to remand the case to state court, arguing they planned to add two non-diverse defendants, thus destroying diversity and this Court's subject matter jurisdiction.[7] The Court denied Plaintiffs' motion on September 23, 2022,

---

[1] R. Doc. 35.
[2] R. Doc. 38.
[3] R. Doc. 35.
[4] R. Doc. 1 at p. 1.
[5] *Id.*
[6] *Id.* at p. 2.
[7] R. Doc. 8-1 at p. 1.

finding the issue was not properly before the Court because Plaintiffs had not yet filed a

motion to add the two defendants.[8] On September 30, 2022, Plaintiffs filed the instant

motion for leave to file an amended and restated complaint, naming the two non-diverse

parties as additional defendants.[9] In the motion, Plaintiffs seek leave to file an amended

and restated complaint to add as defendants Maverick Claims, LLC ("Maverick"), the

claims adjusting company hired by Defendant, and Kelly Colligan ("Mr. Colligan"), the

claims adjuster who is an employee of Maverick.[10] Plaintiffs are citizens of Louisiana.[11]

Plaintiffs allege the two non-diverse parties are "Louisiana defendants."[12] Plaintiffs

further allege in their proposed amended complaint Maverick and Mr. Colligan are

domiciled in Louisiana.[13] In the proposed amended complaint, Plaintiffs did not specify

the citizenship of the members of Maverick Claims, L.L.C.[14] An L.L.C. has the citizenship

of each of its members.[15] Therefore, to allege the citizenship of an L.L.C., it is necessary to

allege the citizenship of each member of the L.L.C. In Plaintiffs' proposed amended

complaint, they allege only that Maverick is "a Limited Liability Company, authorized to

do and doing business in the State of Louisiana, with its domicile and mailing address as

127 Terrabella Boulevard, Covington, Louisiana 70433."[16] However, according to the

Louisiana Secretary of State's website, at least one of Maverick's members is domiciled in

---

[8] R. Doc. 31.
[9] R. Doc. 35.
[10] R. Doc. 8-1 at p. 1.
[11] R. Doc. 1 at p. 1.
[12] R. Doc. 8-1 at p. 1.
[13] R. Doc. 8-6 at p. 2.
[14] *Id.*
[15] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[16] R. Doc. 8-6 at p. 2.

Louisiana.[17] Accordingly, it is clear the addition of Maverick and Mr. Colligan as defendants would destroy complete diversity for the purpose of diversity jurisdiction.

Further, in the proposed pleading, Plaintiffs allege "Maverick failed to include some of the first floor's rooms, comprising most of the first floor's square footage, despite the obvious damage to those rooms;" "Mr. Colligan and Maverick . . . misrepresented the size and scope of damages on the second floor of their sketch;" and "Maverick also failed to recommend replacement of two significant walls . . . that could both be moved with minimal human force."[18] Plaintiffs further allege "Maverick's cursory inspection and grossly inaccurate estimates significantly misrepresented the Delgado's damage and have contributed to Ocean Harbor's gross underpayment and delayed additional payments."[19] Based on the above, Plaintiffs allege Maverick and Mr. Colligan each committed negligent acts,[20] and in addition, Maverick, as Mr. Colligan's employer, "was and is vicariously liable for Mr. Colligan's conduct."[21] On October 11, 2022, Defendant filed an opposition to Plaintiffs' motion.[22]

## LAW AND ANALYSIS

Plaintiffs seek leave to file an amended complaint to add two non-diverse parties as defendants.[23] Plaintiffs also ask the Court to consider the merits of Plaintiffs' previous

---

[17] *Search for Louisiana Business Filings*, Louisiana Secretary of State, https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=729046_ooDE 0260EC (last visited November 21, 2022).
[18] R. Doc. 35-3 at p. 5.
[19] *Id.*
[20] Plaintiffs make allegations of misrepresentation but do not allege the Defendants committed fraud. Instead, while Plaintiffs do not clearly assert the cause of action, it is clear Plaintiffs alleged cause of action against Maverick and Mr. Colligan is one of negligence. Plaintiffs allege "Mr. Colligan's and Maverick's substandard conduct was a legal cause of the Delgados' damages." *Id.* at p. 18. It is clear Plaintiffs are alleging the potential defendants' adjusting was below a standard of care, and Plaintiffs make no allegations of fraud.
[21] *Id.* at p. 3. Plaintiffs further allege "[d]uring and after the September 2, 2021, inspection and at all relevant times, Mr. Colligan was in the course and scope of his employment with defendant Maverick." *Id.*
[22] R. Doc. 38.
[23] R. Doc. 35.

3

Case 2:22-cv-01987-SM-MBN   Document 41   Filed 11/21/22   Page 4 of 12

motion to remand, if the Court permits Plaintiffs to add the defendants.[24] In its

opposition, Defendant argues Plaintiffs should not be permitted to add the two non-

diverse parties as defendants under the factors outlined by the Fifth Circuit in *Hensgens*

*v. Deere & Co.* because Plaintiffs have failed to show the factors weigh in favor of granting

leave to amend. The Court agrees with Defendant.

When joinder of a non-diverse party post-removal would destroy complete

diversity, 28 U.S.C. § 1447(e) applies and gives the district court two options: (1) deny

joinder, or (2) permit joinder and remand the action to state court.[25] "Although Rule 15(a)

provides that 'leave to amend should be freely given' and Rule 20 permits joinder of

proper parties, when the court is 'faced with an amended pleading naming a new

nondiverse defendant in a removed case, the court must scrutinize that amendment more

closely than an ordinary amendment.'"[26] "As such, when an amendment would destroy

jurisdiction, 'most authorities agree that leave should be denied in the absence of strong

equities in favor of amendment.'"[27]

"The Fifth Circuit has held that when considering an amendment which would

destroy the jurisdiction of the court, 'justice requires that the district court consider a

number of factors to balance the defendant's interest in maintaining the federal forum

with the competing interest of not having parallel lawsuits.'"[28] Therefore, when

determining whether to allow joinder of a party under section 1447(e), a district court

examines the factors set out in *Hensgens v. Deere & Co.* and does not apply the 'freely

---

[24] R. Doc. 35-6 at p. 3.
[25] 28 U.S.C. § 1447(e) (2018).
[26] *Neely v. Scottsdale Ins. Co.*, No. 14-48, 2014 WL 1572441, at *3 (E.D. La. Apr. 17, 2014) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).
[27] *Id.*
[28] *Id.*

given' standard of Rule 15(a)."[29] The Fifth Circuit in *Hensgens* set forth the following

factors for district courts to use when making such a determination:

> [T]he court should consider the extent to which the purpose of the
> amendment is to defeat federal jurisdiction, whether plaintiff has been
> dilatory in asking for amendment, whether plaintiff will be significantly
> injured if amendment is not allowed, and any other factors bearing on the
> equities. The district court, with input from the defendant, should then
> balance the equities and decide whether amendment should be permitted.
> If it permits the amendment of the nondiverse defendant, it then must
> remand to the state court. If the amendment is not allowed, the federal court
> maintains jurisdiction.[30]

The district court has discretion to permit or deny post-removal joinder of a non-

diverse party.[31]

The Court will address each of the *Hensgens* factors in turn.

## I.      Factor One: The Extent to Which the Purpose of the Amendment Is to Defeat Jurisdiction.

The Court finds the first *Hensgens* factor—the extent to which the purpose of the

amendment is to defeat federal jurisdiction—weighs against granting leave to amend.

"When courts analyze the first *Hensgens* factor, they consider 'whether the plaintiffs knew

or should have know the identity of the non-diverse defendant when the state court

complaint was filed.'"[32] "Courts have concluded 'that a plaintiff's failure to join a non-

diverse defendant to an action prior to removal when such plaintiff knows of a non-

diverse defendant's identity . . . suggests that the purpose of the amendment is to destroy

diversity.'"[33] It is clear that Plaintiffs knew of the non-diverse defendants' identities long

before the state court complaint was filed. First, Plaintiffs mentioned Maverick by name

---

[29] *Id.* (internal citations omitted).
[30] *Hensgens*, 833 F.2d at 1182.
[31] *Id.*
[32] *Neely*, No. 14-48, 2014 WL 1572441, at *4 (citing *Tomlinson v. Allstate Indem. Co.*. No. 6-617, 2006 WL 1331541, at *3-4 (E.D. La. May 12, 2006)).
[33] *Id.* (citing *Tomlinson*, No. 6-617, 2006 WL 1331541, at *3-4).

in their original state court petition but did not name Maverick as a defendant.[34] Second, Plaintiffs allege in their amended complaint that Mr. Colligan conducted an inspection of their home on September 2, 2021, during which Mr. Delgado was present.[35] Accordingly, the identity of both Maverick and Mr. Colligan was known to Plaintiffs as early as September 2, 2021. Moreover, Plaintiffs' intent to amend their state court petition mere days after filing suit in state court and before any additional discovery had been conducted suggests the purpose of the amendment is to destroy diversity.[36] As such, the first factor weighs against granting Plaintiffs' motion for leave to amend their complaint to add the non-diverse parties as defendants.

## II.   Factor Two: Whether Plaintiffs Have Been Dilatory in Asking for Amendment.

As to the second factor—whether Plaintiffs have been dilatory in asking for amendment—the Court finds Plaintiffs have not been dilatory. "When determining if a plaintiff was dilatory in seeking to amend, 'courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment.'"[37] Defendant argues Plaintiffs have been dilatory in seeking to amend because over three months passed between removal and the instant motion for leave to amend.[38] Although it is true that three months passed, the Court finds Plaintiffs were not dilatory during that period. Although procedurally deficient, Plaintiffs demonstrated their intent to amend their complaint when they filed a motion to remand to state court on July 13, 2022, less than one month

---

[34] R. Doc. 1-2 at p. 2.
[35] R. Doc. 35-3 at pp. 3-4.
[36] R. Doc. 38-1 at pp. 1-2 (demonstrating Plaintiffs intent to add the non-diverse defendants only three days after they filed the initial state court petition).
[37] *Neely*, No. 14-48, 2014 WL 1572441 at *5 (citing *Tomlinson*, No. 6-617, 2006 WL 1331541, at *4).
[38] R. Doc. 38 at pp. 9-10.

after filing suit and removal.[39] The Court denied Plaintiffs' motion on September 23, 2022, finding the motion could not be granted because Plaintiffs had not yet filed a motion for leave to amend their complaint to add the non-diverse defendants, and as such, the issue of remand was not properly before the court.[40] A week later, on September 30, 2022, Plaintiffs filed the instant motion for leave to file an amended and restated complaint.[41] The Court finds Plaintiffs have not been dilatory in seeking to add the non-diverse parties as defendants. Accordingly, this factor weighs in favor of granting Plaintiffs' motion.

### III.   Factor Three: Whether Plaintiffs Will Be Significantly Injured If Amendment Is Not Allowed.

As to the third factor—whether Plaintiffs will be significantly injured if amendment is not allowed—the Court is persuaded Plaintiffs will not be injured. The Fifth Circuit has stated "a plaintiff will not be 'significantly injured' by the denial of a clearly meritless claim."[42] Accordingly, the first question for the Court is whether Plaintiffs' claims against Maverick and Mr. Colligan have merit.

Plaintiffs argue "Louisiana jurisprudence provides support for [Plaintiffs'] claims against Mr. Colligan and Maverick because 'a tort duty may exist in the settlement of an insurance claim.'"[43] In so arguing, Plaintiffs rely heavily on *Loehn v. Hardin*, a 2002 decision from another section of this Court, which held that an insurance claimant had a valid cause of action in tort against an insurance adjuster.[44] Defendant argues in opposition that Plaintiffs will not be prejudiced by denial of the motion because they do

---

[39] R. Doc. 8.
[40] R. Doc. 31.
[41] R. Doc. 35.
[42] *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).
[43] R. Doc. 35-3 at p. 15.
[44] No. CIV.A.02-257, 2002 WL 922380, at *2 (E.D. La. May 6, 2002).

not have a legitimate claim against Maverick or Mr. Colligan.[45] Defendant argues, "under

Louisiana law, there is generally no cause of action against an insurance adjuster for the

processing and handling [of] an insurance claim."[46] Further, Defendant argues Plaintiffs'

reliance on *Loehn* is misguided, as Louisiana federal courts, including this Court, have

disagreed with the ruling in recent years.[47]

The Court indeed finds Plaintiffs' reliance on *Loehn* is misguided. In the years since

the *Loehn* decision, other sections of this Court have consistently refused to follow *Loehn*,

holding instead the duties of insurers cannot be extended to insurance adjusters, and

insurance adjusters are generally not liable in tort.[48] However, Louisiana courts and

federal courts applying Louisiana law have noted, as do Plaintiffs and Defendant, that an

insurance adjuster may be liable in rare circumstances when the adjuster *assumes a duty*

to the insured.[49] "An adjuster could possibly assume a duty . . . to an insured in certain

circumstances depending on the 'relative education of the parties, the diligence of the

claimant in seeking the facts, the actual or apparent authority of the adjuster, the content

---

[45] R. Doc. 38 at p. 10.
[46] *Id.* at pp. 10-11.
[47] *Id.*
[48] *Motin v. Travelers Ins. Co.*, No. Civ.A. 03-2487, 2003 WL 22533673, at *4-5 (E.D. La. Nov. 3, 2003) ("The Court respectfully disagrees with the holding of the *Loehn* court. . . . Nothing in the statutes suggests the Louisiana Legislature's intent to impose upon insurance adjusters the duties the statutes explicitly impose upon the insurer. Moreover, nothing in the statutes suggests that the Louisiana Legislature intended that the duties imposed upon the insurers be relegable to the adjusters."); *Schreiber v. Essex Ins. Co.*, No. 06-7741, 2007 WL 9812845, at *3 (E.D. La. Mar. 12, 2007) ("Plaintiffs cannot establish a cause of action against the insurance adjuster in tort. Plaintiffs assert that an insurance adjuster has a duty to properly handle the claims which had been delegated to him by the insurer. However, this Court has previously disagreed with the holding of *Loehn* ."); *Toups v. State Farm Fire & Cas. Co.*, No. 07-1068, 2007 WL 1030452, at *3 (E.D. La. Mar. 29, 2007) (same); *Kessel v. State Farm Fire & Cas. Co.*, No. 06-5234, 2007 WL 1017573, at *2 (E.D. La. Mar. 30, 2007) (same); *Stipelcovich v. State Farm Fire & Cas. Co.*, No. 07-1030, 2007 WL 1030461, at *3 (E.D. La. Mar. 30, 2007) (same); *Westermoreland v. Wright Nat. Flood*, No. 13-564-JJB-RLB, 2014 WL 1343387, at *3 n.1 (M.D. La. Apr. 3, 2014) (disagreeing with *Loehn* and instead following the reasoning outlined in *Motin*); *Lewis v. Republic Fire & Cas. Co.*, No. 6:15-0035, 2015 WL 3654560, at *5 (W.D. La. June 10, 2015) ("It is well settled in Louisiana law that a claims adjuster, as the disclosed agent of another, has no duty to the insured. Furthermore and more specifically, Louisiana courts have consistently held that no cause of action lies in tort against an insurance adjuster. The duty of the adjuster is to the insurer who contracted with him.") (internal citations omitted).
[49] *Motin*, No. Civ.A. 03-2487, 2003 WL 22533673, at *4-5.

of his promises to the claimants, misrepresentation or fraud.'"[50] These rare circumstances do not exist in this case.

Courts have consistently held that a plaintiff's allegations of improper claims adjusting do not establish a claims adjuster assumed a duty to the plaintiff.[51] For example, in *Lapeyrouse v. State Farm Fire and Casualty Co.*, the United States District Court for the Middle District of Louisiana held the plaintiffs had not demonstrated that the claims adjuster had assumed a duty to them.[52] In the plaintiffs' complaint, they alleged the adjuster undervalued materials and consciously disregarded estimates and engineering reports indicating the structure needed to be demolished.[53] The Court determined the plaintiffs' allegations did not meet the strict definition of fraud, finding "[a]t most, the Plaintiffs allege that [the claims adjuster] ignored certain costs, that the Plaintiffs allege are related to wind damage, and disregarded certain reports that the Plaintiffs allege indicate that their home needed to be demolished."[54] "In other words," the Court summarized, "the Plaintiffs' allege that [the] adjustment of the claim and decisions

---

[50] *Dillon v. Lincoln Gen. Ins. Co.*, No. 06-7354, 2006 WL 3469554, at *2 (E.D. La. Nov. 30, 2006) (quoting *Pellerin v. Cash Pharmacy*, 396 So. 2d 371, 373 (La. App. 1st Cir. 1981)).

[51] *Motin*, No. Civ.A. 03-2487, 2003 WL 22533673, at *5 ("Plaintiff's allegations that 'the defendants have intentionally breached the insurance contract and have engaged in intentional, bad faith claims adjusting in violation of the Louisiana Insurance Code . . . do not establish, if true, that [the adjuster] assumed a duty to them."); *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So. 2d 696 (La. App. 5th Cir. 1989) (holding the plaintiff's claims of failing to evaluate the homeowner's claim in a timely manner; failing to make any meaningful effort to evaluate the homeowner's claim; failing to attempt to make a reasonable settlement of the homeowner's claim; and failing to fulfill the terms of the contract did not prove the adjuster had assumed a duty toward the plaintiff); *Stipelcovich*, No. 07-1030, 2007 WL 1030461, at *4 (holding the plaintiffs' allegations that the adjusters "acted in bad faith, failed to disclose material information and acted arbitrarily and capriciously do not establish, if true, that the adjusters assumed a duty to them"); *Toups*, No. 07-1068, 2007 WL 1030452, at *4 (same). *But see Dillon*, No. 06-7354, 2006 WL 3469554, at *3 (finding the adjuster assumed a duty to the plaintiffs based on alleged self-dealing); *Pelican Hosp. Grp. V. United Nat. Ins. Co.*, No. 06-6168, 2006 WL 3313721, at *4 (E.D. La. Nov. 13, 2006) (holding the adjuster may have assumed a duty where there were questions of whether the adjuster was acting as an agent or independent contractor and the adjuster never submitted his report to the insurance company and still had not done so nearly a year later).

[52] No. 14-52-JJB-RLB, 2014 WL 4373273, at *6 (M.D. La. Sept. 3, 2014).

[53] *Id.*

[54] *Id.*

regarding the scope of the damage . . . was improper."[55] The Court found the complaint "simply does not contain any allegation that [the adjuster] engaged in any fraud or misrepresentations that would possibly trigger an exception to the general rule that claims adjusters cannot be held personally liable in tort with regard to their adjusting of an insurance claim."[56] The court further reasoned "[t]he Plaintiffs' disagreement with [the adjuster's] method of adjusting claims and ultimate claims decision, in the absence of an allegation of fraud or misrepresentation, cannot form the basis of a claim against him under Louisiana law."[57]

Like in *Lapeyrouse*, this Court finds Plaintiffs' allegations are insufficient to demonstrate Mr. Colligan assumed a duty to Plaintiffs. Plaintiffs made no allegations of fraud sufficient to show the adjuster assumed a duty to Plaintiffs. While it is clear Plaintiffs disagree with the methods used by Mr. Colligan during his inspection, mere disagreement with a claims adjuster's methodology does not constitute an allegation of fraud or misrepresentation. While Plaintiffs state Maverick and Mr. Colligan *misrepresented* the size and scope of the damage, it is clear Plaintiffs actual allegation is one of negligence, not of fraud.[58] In substance, Plaintiffs allege, like in *Lapeyrouse*, the adjustment of the claim and the decisions regarding the scope of the damage were merely *improper*. Having concluded Plaintiffs failed to demonstrate Mr. Colligan, and as a result, Maverick, assumed a duty to Plaintiffs, the Court finds Plaintiffs' claims against Maverick and Mr. Colligan are meritless. As such, the Court finds Plaintiffs "will not be 'significantly injured' by the denial of [their motion to amend to add a] clearly meritless claim."

---

[55] *Id.*
[56] *Id.*
[57] *Id.*
[58] R. Doc. 35-3 at pp. 15-18 (discussing a potential tort duty and the standard of care outlined for claims adjusters).

Moreover, a "plaintiff's assertions that he will be significant injured by denial of the amendment are undermined by his initial failure to name [the non-diverse] defendants in state court," when a plaintiff knew of the identities of the non-diverse parties before filing his state court petition.[59] Thus, the Court is further persuaded that Plaintiffs will not be significantly injured by denial of their motion to amend based on Plaintiffs' failure to bring suit against Maverick and Mr. Colligan in the initial state court petition. Accordingly, the third factor weighs against granting leave to amend.

## IV.   Factor Four: Any Other Factors Bearing on the Equities.

The final consideration outlined in *Hensgens* implores the Court to consider "any other factors bearing on the equities."[60]

> When determining "other factors," the Court typically balances the competing interests of the parties. Courts have noted that the defendant "has a compelling interest in maintaining the federal forum. The rationale behind removal statutes is that diverse defendants have an option of selecting a state or federal forum." However, there is "also the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources."[61]

As pointed out by Defendant, Plaintiffs have made no arguments whatsoever that additional factors should be considered by the Court.[62] In addition, Defendant argues "the denial of the Plaintiffs' motion will not expose them to the risk of parallel state and federal proceedings or otherwise prejudice them, especially as they do not have a legitimate claim against the proposed nondiverse defendants." The Court agrees and finds no additional factors bear on the analysis.

---

[59] *Shargian v. Shargian*, 591 F. Supp. 3d 100, 114 (E.D. La. 2022).
[60] *Hensgens*, 833 F.2d at 1182.
[61] *Neely*, No. 14-48, 2014 WL 1572441, at *8.
[62] R. Doc. 35-6.

After examining each of the *Hensgens* factors, the Court finds the factors weigh against Plaintiffs. Plaintiffs' failure to add the two non-diverse parties in their state court petition weighs heavily against them. Moreover, that Plaintiffs have failed to demonstrate legitimate claims against Maverick and Mr. Colligan further persuades the Court that amendment is not warranted. Accordingly, the Court concludes the factors weigh in favor of denying Plaintiffs' motion for leave to file an amended and restated complaint.

## CONCLUSION

**IT IS ORDERED** that the Plaintiffs' motion for leave to file an amended and restated complaint[63] is **DENIED.**

**New Orleans, Louisiana, this 21st day of November, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[63] R. Doc. 35.